IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>JACK OLIVO, ESQ., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE # 2:13-cv-4419-SDW-MCA<br>)<br>)<br>)<br>)<br>) |

## DECLARATION IN SUPPORT OF MOTION TO DISMISS THIRD PARTY COMPLAINT ON BEHALF OF STEVEN W. RITCHESON AND WHITE FIELD, INC.

Steven W. Ritcheson, Esq.
9800 D Topanga Canyon Boulevard, #347
Chatsworth, CA 91311

**Third Party Defendants**
**Steven W. Ritcheson and White Field, Inc.**
*Specially Appearing Pro Se*

{B1696430}

1. My name is Steven W. Ritcheson. I am over the age of twenty-one (21) years. I have personal knowledge of the facts stated in this declaration. I have read and am familiar with the original Complaint and Third-Party Complaint. I make this declaration in support of the motion to dismiss for lack of personal jurisdiction filed by Steven W. Ritcheson and White Field, Inc.

2. I am currently a resident of Los Angeles, California. I have resided in California for all of my adult life. I am an attorney in the law firm of Heninger Garrison Davis, LLC, which has its principal office in Birmingham, Alabama.

3. Prior to joining Heninger Garrison Davis, LLC on August 1, 2012, I owned the law firm of White Field, Inc., a California corporation with its only office located in Los Angeles, California. I originally founded White Field in 2007. In April, 2010, Defendant Ward & Olivo first engaged White Field to provide local counsel services for one of its clients, SMDK Corporation. The terms of this relationship were set forth in an engagement letter addressed to John Olivo, Esq. of Ward & Olivo at that firm's New York office, which was executed by both firms. On information and belief, this is the only engagement letter that was formally signed by and between Ward & Olivo and White Field. In December, 2010, Ward & Olivo directed White Field to file the lawsuit styled Joao Control & Monitoring Systems of California, LLC v. ACTI Corporation, Inc., et al., in the United States District Court for the Central District of California, Docket

{B1695242}

No. 10-cv-1909. As of August 1, 2012, White Field ceased its operations and is no longer an active California corporation.

4. I am licensed to practice law in the State of California.

5. As the sole owner of White Field, Inc., White Field's contacts are coextensive with my contacts with New Jersey. I have never lived in the State of New Jersey. I have never owned any real or personal property located in the State of New Jersey. I have never had or operated any bank account in the State of New Jersey. I have never sought to or filed any income tax statements for the State of New Jersey. I have never declared myself to be a resident of the State of New Jersey.

6. I am not licensed to practice law in the State of New Jersey and have never sought admission to practice in any state or federal court in the State of New Jersey. I am not currently admitted *pro hac vice* to any state or federal court in the State of New Jersey and have only been admitted *pro hac vice* once in New Jersey for a case unrelated to Mr. Raymond A. Joao, Joao Control & Monitoring Systems, LLC or any of the Joao entities.

7. I am informed and believe that Heninger Garrison Davis, LLC maintains an office at 220 St. Paul Street in Westfield, New Jersey. I have never visited this office. While working for White Field, Inc., I never visited New Jersey to perform legal services. As an attorney for Heninger Garrison Davis, LLC, I

have also never visited the State of New Jersey to perform legal services. I have only visited New Jersey on a few occasions, which included attending sporting events at the MetLife Stadium located in East Rutherford, New Jersey and I have spent some time in the airport in Newark, New Jersey while waiting to travel to my final destination. Finally, I once had lunch in Jersey City and once had dinner in Fort Lee, which I am informed are both within the State of New Jersey. I have never appeared before a court in New Jersey although I was admitted *pro hac vice* in a single matter that was unrelated to JCMS or Mr. Joao and has since been dismissed.

8. I am familiar with the underlying Complaint styled *Joao Control & Monitoring Systems of California, LLC v. ACTI Corporation, Inc., et al.*, USDC, Central District of California, Docket No. 10cv1909 (hereinafter "Xanboo action"). I was not admitted as Of Counsel in this action. During the course of the Xanboo action, I did draft certain documents on behalf of Joao Control & Monitoring Systems, LLC. Any such documents I drafted for Joao Control & Monitoring Systems, LLC were prepared from my office in Los Angeles, California. In my role as local counsel for Joao Control & Monitoring Systems, LLC in the Xanboo action, I did not prepare, sign, or file any documents while being physically in the State of New Jersey.

9. I did not travel to New Jersey to attend any meeting or perform any legal services related to the Xanboo action. I am not aware of any depositions in the Xanboo action which were conducted in the State of New Jersey. Nor did I attend any depositions in the Xanboo action. At no time did I provide legal services in any way related to the Xanboo action while present in the State of New Jersey.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Date: March 31, 2014

_____
Steven W. Ritcheson, Esq.